UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL JOHNSON, ) | |
| ) | |
| **Plaintiff,** ) | |
| v.  ) | Case No. 21-cv-1362 |
| ) | |
| JACQUELINE/JACKIE MATHIAS, *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## MERIT REVIEW ORDER

Plaintiff, proceeding *pro se* and incarcerated at the Joliet Treatment Center, pursues an action under 42 U.S.C. § 1983 for claims of deliberate indifference to a serious medical need, excessive force, and failure to intervene while he was at the McLean County Detention Facility.

The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

### ALLEGATIONS

Plaintiff brings his complaint against Counselor Jacqueline/Jackie Mathias, Correctional Officers David Gentry, J Cook, and .Veech/Veach, the McLean County Detention Facility, and Sheriff Jon Sandage.

On October 25, 2021, Plaintiff was processed into bookings at the McLean County Detention Facility. He remained at the facility until November 12, 2021. During his time there, he was denied mental health treatment for his serious mental illnesses. On October 26, 2021, he submitted an inmate request form requesting to be prescribed medication for bipolarism. After submitting the request, Miss Tori gave him a self-reporting form to fill out and return to her. Plaintiff returned the form, but he did not receive any medication or mental health treatment from a licensed medical professional. Plaintiff admits that he met with Counselor Jacqueline/Jackie Mathias, but he claims that she is unqualified because she has no training or degree in psychology. Plaintiff claims that he was taking psychotropic medication in 2020 while he was detained at the McLean County Detention Facility. When he inquired if there were any records of this, Mathias told Plaintiff that mental health progress report notes are not compiled or stored at the facility.

Plaintiff claims that Correctional Officer David Gentry denied Plaintiff a crisis team on November 4, 2021, even though Plaintiff made multiple requests. Plaintiff admits that Gentry called for Correctional Officer Veech/Veach and additional officers to respond to a crisis situation involving Plaintiff. Upon their arrival, Gentry falsely informed them that Plaintiff had said he was suicidal. Veech/Veach asked Plaintiff if this was true, and Plaintiff denied being suicidal. Veech/Veach asked Plaintiff to cuff-up, and Plaintiff was placed in hand restraints behind his back. While Plaintiff was escorted from 2 South B to bookings, Correctional Officer J Cooks bent Plaintiff's hand backward toward his wrist. Plaintiff told Cooks that he was in excruciating pain and asked him to stop, but Cooks and Veech/Veach told Plaintiff that this was protocol and kept his hand bent backwards all the way to bookings. Plaintiff alleges Cooks used excessive force and Veech/Veach failed to intervene.

When they reached bookings, Plaintiff was stripped of his clothing and placed on crisis watch in cell #12, which was an extremely isolated cell containing steel shower with a sharp edge. Mathias met with Plaintiff for a mental health/psychological assessment and told him that she would have him moved to another cell that was not as isolated. After she left his cell, Plaintiff became anxious, depressed, and unstable. Plaintiff attempted suicide by using the sharp edge of the shower to sever the artery in his right wrist. He alleges that Mathias is liable for placing him in a cell with sharp objects that was unsuitable for a crisis watch.

When Veech/Veach and Correctional Officer Lynch came to deliver lunch trays, they saw Plaintiff harming himself and noticed he was injured. Plaintiff was then placed in a restraint chair while a nurse treated and bandaged his wounds.

Plaintiff alleges that Sheriff Jon Sandage is liable for failing to train and supervise his officers while they handled seriously mentally ill inmates; for permitting Plaintiff to be placed in an unsuitable crisis watch cell; and for allowing Mathias to be the head of the Mental Health Management Department even though she has no training or degree in psychology.

## ANALYSIS

Based on the Court's review, it appears Plaintiff has attempted to raise the following claims: a claim for deliberate indifference to a serious medical need, a claim regarding his placement in medical observation, an excessive force claim, and a failure to intervene claim.

"A prison official violates the Eighth Amendment by acting with subjective 'deliberate indifference' to an inmate's 'objectively serious' medical condition." *Reck v. Wexford Health Sources, Inc.*, No. 19-2440, 2022 WL 538716, at *6, --- F.4th --- (7th Cir. Feb. 23, 2022). "Deliberate indifference is proven by demonstrating that a prison official knows of a substantial

risk of harm to an inmate and "either acts or fails to act in disregard of that risk." *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011).

"When the serious risk at issue is attempted suicide, a defendant acts knowingly and unreasonably if that defendant '(1) subjectively knew the prisoner was at substantial risk of committing suicide and (2) intentionally disregarded the risk.' This requires 'more than mere or gross negligence, but less than purposeful infliction of harm.'" *Conner v. Rubin-Asch*, 793 Fed. Appx. 427, 430 (7th Cir. 2019) (internal citations omitted). While a "known risk" of suicide cannot be ignored, an "insincere" threat does not necessarily require action. *Lord v. Beahm*, 952 F.3d 902, 904–05 (7th Cir. 2020). "In order to be liable under the Eighth Amendment, a prison official must be cognizant of the significant likelihood that an inmate may imminently seek to take his own life and must fail to take reasonable steps to prevent the inmate from performing this act." *Estate of Novack ex rel. Tubin v. County of Wood*, 226 F.3d 525, 529 (7th Cir. 2000). Even placing an inmate on suicide watch may not demonstrate a subjective awareness of a substantial risk of imminent suicide. *Collignon v. Milwaukee County*, 163 F.3d 982, 990 (7th Cir. 1998).

Plaintiff alleges he spoke with Mathias about whether there were any records showing that he was on psychotropic medication while at the facility in 2020, and he submitted an Inmate Request Form asking to be prescribed medication for bipolarism. Plaintiff also alleges that Mathias met with him while he was crisis watch, but there is no indication that he informed her he was going to commit suicide. He alleges that Mathias is liable for placing him in a cell with sharp objects that was unsuitable for a crisis watch. Mathias offered to move him to another cell, but before this was accomplished, Plaintiff attempted suicide. At this juncture, the Court finds that Plaintiff has stated a claim for deliberate indifference against Mathis.

It is clear from the allegations that Plaintiff did not want to be placed on medical observation and taken to a crisis watch cell. Due to his requests for a crisis team, Gentry called for Veech/ Veach and additional officers to respond to a crisis situation. Upon their arrival, Plaintiff claims that Gentry falsely informed them that Plaintiff was suicidal. Plaintiff has not pled any reason why being placed on medical observation represented a constitutional violation. He does not suggest that he was placed on medical observation for any retaliatory reasons. He admits that he made multiple requests for a crisis team. Although he denied telling Gentry that he was suicidal, he attempted suicide in the crisis watch cell later that day. Accordingly, the Court finds that Plaintiff has failed to plead a claim based on these allegations pursuant to Federal Rule of Civil Procedure 12(b)(6). Therefore, David Gentry is DISMISSED.

As to the claim of excessive force against Correctional Officer J Cooks, Plaintiff must show that the force was applied maliciously and sadistically, not in a good faith effort to maintain or restore discipline. *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986). This is so, as prison officials considering the use of force must balance the threat presented to inmates and prison officials against the possible harm to the inmate against whom the force is to be used. *Id.* at 320. "[W]hile a plaintiff need not demonstrate a significant injury to state a claim for excessive force under the Eighth Amendment, 'a claim ordinarily cannot be predicated on a *de minimis* use of physical force.'" *Outlaw v. Newkirk*, 259 F.3d 833, 837–38 (7th Cir. 2001) (internal citations omitted). The Court must balance the amount of the force used against the need for the force. If no force is necessary, even *de minimis* force may not be used. *Reid v. Melvin*, 695 Fed.Appx. 982, 983-84 (7th Cir. 2017). Here, Plaintiff claims that he cuffed-up when asked and that Cooks bent his hand backwards toward his wrist while escorting him to bookings. When Plaintiff told Cooks he was in excruciating pain and asked him to stop, he told Plaintiff that this was "protocol." It is unclear why

it was necessary for Cooks to bend Plaintiff's hand toward his wrist in a way that would cause excruciating pain and why he did not stop after Plaintiff told him that he was in pain. Therefore, Plaintiff has stated a colorable claim against Cooks for excessive force.

Plaintiff claims that Correctional Officer Veech/Veach failed to intervene after Plaintiff told Cooks to stop bending his hand toward his wrist. The Seventh Circuit acknowledges a "failure to intervene" basis for a constitutional violation under the Eighth Amendment. *Harper v. Albert,* 400 F.3d 1052, 1064 (7th Cir. 2005). A failure to intervene claim requires evidence of the following: (i) the defendant knew of the unconstitutional conduct; (ii) the defendant had a realistic opportunity to prevent the harm; (iii) the defendant failed to take reasonable steps to prevent the harm; and (iv) the plaintiff suffered harm as a result. *Yang v. Hardin,* 37 F.3d 282, 285 (7th Cir. 1994). Based on the allegations, Plaintiff has stated a failure to intervene claim against Veech/Veach.

While Plaintiff names Sheriff Jon Sandage, he does not claim that the Sheriff was present or participated in the conduct. Section 1983 does not allow actions against individuals just for their supervisory role of others. Individual liability under § 1983 can only be based upon a finding that the defendant caused the deprivation alleged. *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003) (internal quotations and citations omitted). Plaintiff also alleges Sheriff Sandage failed to train or supervise staff members, but his allegations are conclusory and no actionable claim has been stated. Sheriff Jon Sandage is DISMISSED.

Plaintiff also sues the McLean County Detention Facility, but this is a building, not a "person" or even a policy-making body that can be sued for constitutional violations. *Dye v. Wargo*, 253 F.3d 296, 299 (7th Cir. 2001) (observing that "[Section] 1983 applies only to a

'person' who act under color of state law.). The McLean County Detention Facility is also DISMISSED.

**IT IS THEREFORE ORDERED:**

1)   Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states an Eighth Amendment deliberate indifference claim against Defendant Mathias, an excessive force claim against Defendant Cook, and a failure to intervene claim against Defendant Veech/Veach. Additional claims shall not be included in the case above, except in the Court's discretion on motion by a party for good cause shown under Federal Rule of Civil Procedure 15.

2)   Defendants David Gentry, Sheriff Jon Sandage, and the McLean County Detention Facility are DISMISSED. The Clerk is directed to terminate them as parties.

3)   Plaintiff's Motion to Request Counsel [9] is DENIED. The Court cannot order an attorney to accept pro bono appointment on a civil case such as this. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). Plaintiff has made reasonable efforts to find counsel, so the question is "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Id*. at 655. "[T]he district court must consider both halves of this equation—the difficulty of the case and the competence of the litigant." *Bracey v. Grondin*, 712 F.3d 1012, 1016-17 (7th Cir. 2013). Relevant factors as to competency include, but are not limited to, a plaintiff's literacy, education, litigation experience, communication skills, psychological history, intellectual capacity, physical and mental health, and ability to conduct discovery. *Id*. n. 3 (citing *Pruitt*, 503 F.3d at 655). The inquiry is individualized, taking all the relevant facts into consideration, including the stage of the litigation. *Navejar v. Igiola*, 718 F.3d 692, 696 (7th Cir. 2013). Finding an attorney willing to take a case like

this without pay is difficult. Therefore, the Court only searches for pro bono counsel when a plaintiff truly does not appear able to proceed pro se on his claims. That an attorney would do a better job is not the test, otherwise nearly all *pro se* civil plaintiffs would be entitled to pro bono counsel. *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Here, Plaintiff's claim is not complex and involves issues of which he has direct, personal knowledge. Plaintiff indicates that he has some high school education, and he appears competent to litigate the case himself. Therefore, his Motion [9] is DENIED.

4) This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendants before filing any motions to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

5) The Court will attempt service on Defendants by mailing a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

6) If Defendants no longer work at the address Plaintiff provided, the entity for whom Defendants worked while at that address shall submit to the Clerk Defendants' current work address, or, if not known, Defendants' forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7) Defendants shall file an answer within 60 days of the date the Clerk sends the waiver of service. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' position. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to the answer is necessary or will be considered.

8) This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendants' counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

9) Counsel for Defendants are hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the deposition.

10) Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

11) If Defendants fail to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the

U.S. Marshals Service on Defendants and will require Defendants to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

12) Within 10 days of receiving from defense counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to defense counsel. The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

13) The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

ENTERED: 3/21/2022

s/ Michael M. Mihm  
Michael M. Mihm  
United States District Judge